IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

Case No. 2:23-CR-00302-REM-RBJ

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | ORDER |
| v. ) | |
| ) | |
| RALONDA MONAY GRANT, ) | |
| ) | |
| Defendant. ) | |

This matter comes before the court on Defendant's "Appeal of Denial of Defendant's Motion for Bond" [DE 262], which the court construes as a motion to revoke a magistrate judge's order of detention (DE 248) pursuant to 18 U.S.C. 3145(b).

All parties agree this is a presumption case. On December 15, 2023, Magistrate Judge Robert B. Jones, Jr. ordered Defendant detained, finding that although she rebutted the presumption,[1] no condition or combination of conditions can be imposed which would reasonably assure the defendant's appearance and/or the safety of another person or the community. DE 248. Defendant filed the present motion challenging that order on December 22, 2023. DE 262. The United States has filed a response in opposition to the motion. DE 281. Given the appointment of new defense counsel on January 9, 2024, the court granted a period of time (until January 31,

---

[1] "[T]he defendant bears the burden of producing probative, credible evidence to rebut the presumption and support his contention that he will appear in federal court when required and that he does not pose a danger to the safety of the community." *United States v. Robinson*, No. 5:14-CR-00809-JMC-1, 2014 WL 7338961, at *4 (D.S.C. Dec. 23, 2014) "Upon the defendant's introduction of evidence in support of his release, the statutory presumption in favor of detention does not vanish, but retains evidentiary weight and remains as one factor to be considered." *Id*.

2024) in which Defendant was permitted to file a reply in support of the motion (DE 285), but none was filed. Having reviewed the motion, the government's response, and the entire record, including a transcript of the detention hearing, the court concludes that an additional evidentiary hearing would not be useful and DENIES the motion.

A defendant can seek review of his detention under 18 U.S.C. § 3145. That statute permits a person ordered detained by a magistrate judge to file a motion for revocation or amendment of that order. 18 U.S.C. § 3145(b). On such a motion, the district judge conducts a de novo review of detention. *United States v. Clark*, 865 F.2d 1433, 1436 (4th Cir. 1985). The court "must make an independent determination of the proper pretrial detention or conditions of release." *United States v. Stewart*, 19 F. App'x 46, 48 (4th Cir. 2001); *United States v. Sauls*, No. 3:16-CR-00560-JMC-9, 2018 WL 1755500, at *2 (D.S.C. Apr. 12, 2018).

The court orders pretrial detention if it finds the Defendant a risk of flight or danger to the community. The standard for pretrial detention is met if the court finds that no condition or combination of conditions will reasonably assure (1) the appearance of the person as required [risk of flight], which must be supported by a preponderance of the evidence, *see Stewart*, 19 F. App'x at 48, or (2) the safety of any other person and the community [danger to community], which must be supported by clear and convincing evidence, *see* 18 U.S.C. § 3142(f)(2). 18 U.S.C. § 3142(e). "For pretrial detention to be imposed on a defendant, the lack of reasonable assurance of either the defendant's appearance or the safety of others or the community, is sufficient; both are not required." *Stewart*, 19 F. App'x at 48. In making its determination, the court must consider: (1) the nature and circumstances of the offenses charged; (2) the weight of the evidence against the person; (3) the history and characteristics of the person; and (4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release. 18 U.S.C.

§ 3142(g).

Defendant argues she should be released on appropriate conditions, given her "residency ties to the area, strong family ties and [her lack of] prior criminal convictions." DE 262. At the hearing before Judge Jones, evidence was presented that Defendant is the primary caretaker of her eleven-year-old child, her parents and family members live within 20-30 minutes of Defendant's residence, and before her arrest, she resided with her partner in Summerville, Charleston County, South Carolina. *See* Tr., DE 270. Defendant also argued without rebuttal that she has no prior criminal convictions. *Id.*

The Government counters that Defendant was working on obtaining (and eventually received) a conditional discharge of separate state charges when she allegedly committed the criminal conduct underlying the charges in this case; she faces a substantial sentence if convicted of the current drug and firearms charges; and her proposed third-party custodian is inadequate to supervise the Defendant, should she be released. *See* DE 281.

The 18 U.S.C. § 3142(g) factors weigh against granting Defendant's motion. First, Defendant's charges include conspiracy to possess with the intent to distribute and distribution of quantities of cocaine, fentanyl, and marijuana (Count One), distribution of quantities of cocaine (Counts Four and Five), and possession of a firearm in the furtherance of drug trafficking (Count Fourteen).

Second, the weight of the evidence against Defendant favors denying her motion. At the hearing before Judge Jones, the United States presented testimony from a detective/FBI task force officer who is a case agent in the investigation of this case. Tr. 13: 13 – 14: 16, DE 270. The officer testified concerning traffic stops, controlled purchases, and property searches (phone, vehicle, and residence), which have revealed that Defendant possessed and/or purchased firearms

at the same time she was distributing controlled substances during the period 2021-2023. In fact, at the time of Defendant's arrest in May 2023, police officers located Defendant at her residence; she blocked the entrance and did not respond to repeated announcements of "police!" and commands to open the door; and when the officers eventually gained entrance, Defendant told them that she nearly shot at them through the door because she believed she was being robbed. Tr. 23: 8-22. After a search of the residence, officers seized two firearms, approximately $8,000 in cash, and documents containing financial information, which Defendant advised were used in fraud schemes. *Id.* 24: 10-19. Also, based on Defendant's statement, law enforcement searched Defendant's mother's apartment and seized one pound of marijuana and additional financial documents belonging neither to Defendant nor her mother. *Id.* 24: 20 – 25: 6.

After her arrest, Defendant informed a cooperating witness that police had "missed" locating fentanyl, marijuana, and an additional $50,000 hidden in her residence. *Id.* 27: 19 – 28: 23. Defendant also told this individual that she had been involved in dealing drugs with several other people known to law enforcement, including Monta and Xzayvier Harley, for whom she was a main source of supply of fentanyl. *Id.* 29: 3-14. Finally, Defendant informed the individual that she had paid $10,000 to have someone killed and was concerned that law enforcement was looking into that. *Id.* 29: 15-24. The weight of this unrebutted evidence tips heavily in favor of detention.

Third, Defendant's history and characteristics favor denying her motion. While Defendant is the primary caretaker of her daughter and has no history of criminal convictions, the evidence presented indicates that she had been distributing narcotics since at least 2020, and continued to do so despite a traffic stop and arrest on state charges for possession of heroin and marijuana and carrying a concealed weapon in 2021. *See* Tr. 19: 17 – 21: 1. In addition, the evidence shows Defendant possessed firearms in connection with dealing drugs during the period 2021-2023. In

that vein, Defendant admitted that she almost shot at police officers when they arrived at her residence to arrest her on the current charges. The evidence also reveals Defendant's admission that she has placed $10,000 "on [someone's] head" in an effort to have that person killed. Finally, the evidence reflects Defendant's willingness to sell to the community fentanyl, which, in a miniscule dosage, can kill and which is typically "cut" and measured by persons having no knowledge how to do so in a safe manner. Thus, despite her lack of criminal history, the record indicates that Defendant is willing to engage in dangerous, unlawful conduct.

Fourth, Defendant's proposed release plan is insufficient. Defendant proffered her mother, Denita Lee, as a proposed third-party custodian. Tr. 6: 18-24. As set forth above, law enforcement seized one pound of marijuana and other persons' financial documents from Ms. Lee's residence in May 2023. Despite Defendant's frequent visits and daily contact with her mother, Ms. Lee testified that she was not aware of the presence of the marijuana and financial documents in her apartment, nor that Defendant was involved in drug trafficking and fraud schemes. Tr. 9: 19 – 12: 1. Even assuming Ms. Lee testified truthfully, the court finds her lack of awareness troubling given that, as a third-party custodian, she would be required both to know of and, if necessary, report any improper activity by the Defendant. Moreover, while Defendant's risk of flight may be mitigated by the fact that she is the primary caretaker for her minor daughter, such role has done nothing to mitigate her dangerousness, since she apparently has engaged in such conduct while caring for her child.

Accordingly, all four of the 18 U.S.C. § 3142(g) factors weigh in favor of detention, and in light of these factors, the court concludes that the United States has proven by clear and convincing evidence that no condition or combination of conditions for Defendant's release would reasonably assure the safety of the community. In reaching this conclusion, the court considered

defense counsel's arguments and the testimony given by Defendant's witness at the hearing before Judge Jones, as well as Defendant's contentions in the present motion. But the sum total of these countervailing considerations fails to satisfy the court that there can be conditions imposed to reasonably assure the safety of the community in light of the convincing evidence of Defendant's dangerousness described above.

Therefore, the court concludes that Defendant must be detained pending her trial, and that the magistrate judge correctly reached the same conclusion. Defendant's motion is DENIED.

SO ORDERED this 5th day of February, 2024.

_____
RICHARD E. MYERS II
CHIEF UNITED STATES DISTRICT JUDGE
EASTERN DISTRICT OF NORTH CAROLINA
(sitting by designation)